(No. 1075—Claimant awarded $1,066.50.)

CLAUDE G. VAN HOORBEKE, Claimant, vs. STATE OF ILLINOIS,
Respondent.

Opinion filed April 29, 1927.

WORKMEN'S COMPENSATION ACT—award made to State employee under.
Where an employee of the State is engaged in an extra hazardous employ-
ment and is injured in the course of his employment compensation will be
awarded to him for such injury sustained according to the provisions of the
Workmen's Compensation Act.

HIGHWAYS—when a structure within meaning of Workmen's Compensa-
tion Act. Where in the construction or repair of the State hard road danger-
ous machinery is used in the repair or construction of the road, and claim-
ant is injured in the course of his employment by the use of such machinery,
such a highway is "a structure" within the meaning of the Workman's Com-
pensation Act.

ROGER H. CLARK, for claimant.

OSCAR E. CARLSTROM, Attorney General; ROY D. JOHNSON,
Assistant Attorney General, for respondent.

Mr. JUSTICE THOMAS delivered the opinion of the court:

On October 14, 1924, claimant was employed by the State
as a laborer in the maintence department of the Division of
Highways. His duties consisted of patrolling the road, keep-
ing up the shoulders, asphalting cracks in the pavement and
assisting in making such repairs as were necessary. On
March 26, 1926, while engaged in putting a "patch" in the
pavement of State Route No. 7 near Seneca the thumb of his
right hand was caught in the machinery of a concrete mixer
and so bruised and lacerated as to require its amputation.
He was immediately taken to a hospital at Ottawa, where he
was given proper surgical attention, his thumb being am-
putated at the second joint. For these hospital and surgical
services he paid $41.50. He was not able to do any work
from the date of his injury till June 28, 1926, a period of 13
weeks. At the time of the injury his weekly wage was $27.00.

In his declaration claimant bases his claim for compensa-
tion on the provisions of the Workmen's Compensation Act.
The Attorney General has filed a general and special de-
murrer to the declaration. We think the declaration shows
a just claim against the State for part of the compensation
claimed, and the demurrer will be overruled and the cause
heard as if a general traverse of the declaration had been
filed.

In his declaration claimant asks $135.00 for temporary total incapacity, $810.00 for the loss of his thumb, $2,000.00 for disfigurement of his hand, $41.50 paid out for medical and hospital services and $1,400.00 for delay in payment of the foregoing sums, making the total sum of $4,386.50 for which compensation is asked.

Section 3 of the Workmen's Compensation Act, as amended in 1917, recites that "the provisions of this act hereinafter following shall apply automatically and without election to the State * * * and to all employers and their employees, engaged in any department of the following enterprises or businesses which are declared to be extra hazardous, namely: 1. The erection, maintaining, removing, remodeling, altering or demolishing of any structure, except as provided in subparagraph 8 of this section. 2. Construction, excavating or electrical work, except as provided in sub-paragraph 8 of this section." Section 5 of the same act, as amended in 1917, recites that "the term 'employee' as used in this act, shall be construed to mean: First—Every person in the service of the State * * * under appointment or contract of hire, express or implied, oral or written", etc. Section 6 of the act of 1917 creating the Court of Claims and prescribing its powers and duties provides: "The Court of Claims shall have power: * * * 6. To hear and determine the liability of the State for accidental injuries or death suffered in the course of employment by any employee of the State, such determination to be made in accordance with the rules prescribed in the act commonly called the 'Workmen's Compensation Act,' the Industrial Commission being hereby relieved of any duty relative thereto". It is manifest from these provisions of the statute that the legislature intended all employees of the State who are injured while engaged in any of the enterprises or businesses declared by the Workmen's Compensation Act to be extra hazardous, and whose injuries arose out of and in the course of their employment, should be paid the compensation provided in that act for such injury, and that the Court of Claims should have jurisdiction to determine whether the claimant is entitled to such compensation and if so the amount he should be allowed.

Claimant was injured while engaged in repairing one of the paved State highways, and his injury arose out of and in the course of his employment. We think there can be no doubt

but that such a highway is a "structure" within the meaning of section 3 of the Workmen's Compensation Act, especially when its construction or repair necessitates the use of such dangerous machinery as was being used at the time claimant was injured. It follows from these conclusions that claimant is entitled to receive such compensation as the Workmen's Compensation Act provides shall be paid for the injury he received. Section 8 of that act provides the employer shall provide the necessary medical and surgical services and pay 50% of the weekly earnings of the employee for the period of temporary total incapacity, but not less than $7.50 per week nor more than $14.00 per week. It also provides that in addition to compensation for temporary total incapacity the employer shall pay for the loss of a thumb 50% of the average weekly wage during sixty-six weeks. The evidence shows that claimant was totally incapacitated for work 13 weeks and that his weekly wage was $27.00. He is therefore entitled to receive $175.50 for such temporary total incapacity and, in addition thereto, $891.00 for the loss of his thumb, making the total amount of compensation to which he is entitled $1,066.50. We do not think he is entitled to receive the $41.50 expended for surgical and hospital services as the evidence shows that the State paid him $54.00 which was more than sufficient to reimburse him for that expense, and which in effect was a compliance with the provision requiring the employer to furnish necessary medical and surgical services. Neither is he entitled to the $2,000.00 claimed for disfigurement of his hand. Paragraph (c) of section 8 of the Workmen's Compensation Act provides: "For any serious and permanent disfigurement to the hand, head or face, the employee shall be entitled to compensation for such disfigurement * * *: Provided that no compensation shall be payable under this paragraph where compensation is payable under paragraph (d), (e) or (f) of this section". Claimant's compensation for the loss of his thumb is payable under paragraph (e) of section 8 and therefore he is not entitled to compensation for disfigurement of his hand. (*Chicago Home* v. *Industrial Com,* 297 Ill. 386.) The legislature has seen fit to enact this provision of the law and all courts are bound by it. If it is unwise the remedy is with the legislature, not with the courts.

Claimant also asks to be awarded $1,400.00 on account of delay in the payment of the compensation to which he is entitled, and bases this demand upon section 19 of the Workmen's Compensation Act. Paragraph (k) of that section provides that where there has been any unreasonable or vexatious delay of payment, etc., the commission may award compensation additional to that otherwise payable under the act equal to 50% of the amount payable at the time of such award. Claimant's injury was received March 26, 1926. He filed his declaration August 17, 1926. The next regular term of this court was the second Tuesday of the September following. At that time claimant had not taken his testimony and did not take it until the following January. His brief was not filed until February 18th of this year. Whatever delay there has been appears to have been the result of claimant's failure to have his case ready for hearing at the regular terms of this court in September and January. There is no merit in his contention of unreasonable or vexatious delay, and no award will be allowed on that account.

It is ordered that claimant be and he is awarded the sum of $1,066.50 in full compensation for the injury sustained.